### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ASMAR ABDULLAH** : <br> 574 CENTENNIAL AVENUE APT. 2 : <br> TRENTON, NJ 08629 : <br>         PLAINTIFF, : <br>    v.                                                     : <br>                                                            : <br> **NEW JERSEY TRANSIT POLICE OFFICERS** : <br> **JOHN DOE #1 & JOHN DOE #2** : <br> ONE PENN PLAZA EAST : <br> NEWARK, NJ 07105 : <br>         DEFENDANTS. : | CIVIL ACTION <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

## INTRODUCTION

This is an action for monetary damages brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of New Jersey against New Jersey Transit Police Officers for false arrest and excessive force. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiff further invokes supplemental jurisdiction of this Court, provided by 28 U.S.C. § 1367, to entertain claims arising under state law.

## PARTIES

1.      Plaintiff **ASMAR ABDULLAH**, at all times relevant to this Complaint, was and is a United States citizen and a resident of the City of Trenton in the State of New Jersey.

2. Defendants **NJ Transit Policer Officers John Doe #1 and John Doe #2,** all times relevant to this Complaint, were and are police officer employed by the NJ Transit Police Department, acting under color of state law. They are being sued in their individual capacities.

## FACTS COMMON TO ALL CLAIMS

3. At the time of the incident that is the subject of this Complaint, Plaintiff Asmar Abdullah was a 53-year-old male, who stood approximately 5'9" tall and weighed 250 lbs.

4. Plaintiff has a significant medical history of depression, heart disease, hypertension, diabetes, and, at the time of this incident, was homeless. In addition, when he was in his early 20's, Plaintiff suffered a skull fracture that caused brain injury and resulted in a metal plate being put in his head.

5. On April 12, 2019, at approximately 1:30 AM, Plaintiff was at the Trenton Train Station where he encountered Defendants John Doe # 1 and #2 and complained about his cell phone being stolen by a young woman who had just run away.

6. Defendants John Doe #1 and #2, ordered Plaintiff to leave the station and escorted him out.

7. When Plaintiff allegedly tried to reenter the station, Defendants John Doe #1 and #2, took him violently to the ground and John Doe #2 sprayed mace directly into Plaintiff's face.

8. Defendants John Doe #1 and #2 were both yelling at Plaintiff to stop resisting and to put his arms behind his back, but at the same time were raining over two dozen punches with closed fists to Plaintiff's head.

9. Plaintiff was coughing and had difficulty in breathing due to the mace being sprayed directly into his face and mouth, and, at the same time, was using his left hand to try to protect his head from the repeated strikes, while his right hand was being knelt on by Defendant John Doe #1.

10. Defendants stopped punching Plaintiff long enough for Plaintiff to place his left hand behind his back, while stating repeatedly that he had a plate in his head.

11. Even when Plaintiff was laying prone, Defendants John Doe #1 and #2 had so much difficulty putting the handcuffs on, that they were both kneeling on Plaintiff, causing him to gasp for air and complain that he could not breathe.

12. Finally, Defendants John Doe #1 and #2 double-cuffed Plaintiff, using two sets of handcuffs, in order to handcuff Plaintiff behind his back.

13. Defendants sat Plaintiff up and walked him to the steps, where he had to sit down and suffered a seizure.

14. Plaintiff was ultimately taken to the hospital, where he was treated for eye pain caused by the mace, pain to his left hand, and injuries and pain from the repeated blows to his head.

15. There was no legal cause or justification for the use of force against Plaintiff, and the force that was used was unreasonable and excessive.

16. Plaintiff was never charged with a criminal offense.

17. As a direct and proximate cause of Defendants John Doe #1 and #2's conduct, Plaintiff suffered and continues to suffer physical and psychological pain and suffering, some or all of which may be permanent.

## COUNT I - FEDERAL CAUSE OF ACTION
### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
### Plaintiff Asmar Abdullah v. Defendants Transit Police Officers John Doe #1 and #2

18.   Plaintiff Asmar Abdullah hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

19.   As a direct and proximate result of the actions of Defendants John Doe #1 and #2, Plaintiff was assaulted forcibly and against his will, causing tremendous physical and psychological trauma, and depriving him of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and in particular, to be free from unlawful arrest, the unlawful use of force against his person.

## Count II – STATE CAUSE OF ACTION
### New Jersey Civil Rights Act
### Plaintiff Asmar Abdullah v. Defendants Transit Police Officers John Doe #1 and #2

37.   Plaintiff Asmar Abdullah hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

38.   The actions of Defendants as described above, violated Plaintiff's due process privileges or immunities secured by the Constitution or laws of the United States, and/or Plaintiff's substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey, and, as such, defendants are liable to plaintiff under the New Jersey Civil Rights Act, N.J. Stat. Ann. §10:6–2(c).

## DAMAGES

39.   Plaintiff Asmar Abdullah incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at full length.

40. The conduct of Defendants, individually and together, was outrageous, in that it was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of Plaintiff, and therefore, warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Asmar Abdullah requests the following relief:

a. compensatory damages;

b. punitive damages against the individually named defendant;

c. reasonable attorney fees and costs under Counts I - II; and

d. such other relief as appears reasonable and just.

        Respectfully submitted,

        **JAMES, SCHWARTZ & ASSOCIATES, P. C.**

By:    *Robert G. Sellers*
        ROBERT G. SELLERS, Esquire (Of Counsel)
        1500 Walnut Street – 21st Floor
        Philadelphia, PA 19102
        robert@sellerslawoffices.com
        Tel: (215) 896-1170

        Attorney for Plaintiff